**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 23-6361**

_____

BRYANT MATTHEW PARKER,

          Petitioner - Appellant,

     v.

DIRECTOR OF THE VIRGINIA DEPARTMENT OF CORRECTIONS; THE ATTORNEY GENERAL OF THE COMMONWEALTH OF VIRGINIA,

          Respondents - Appellees.

_____

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  Anthony John Trenga, Senior District Judge.  (1:20-cv-00807-AJT-MSN)

_____

Submitted:  March 27, 2024                       Decided:  April 9, 2024

_____

Before WYNN, THACKER, and HARRIS, Circuit Judges.

_____

Dismissed by unpublished per curiam opinion.

_____

Bryant Matthew Parker, Appellant Pro Se.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Bryant Matthew Parker seeks to appeal the district court's order denying his Fed. R. Civ. P. 59(e) motion for reconsideration of the court's prior order dismissing Parker's 28 U.S.C. § 2254 petition. We dismiss the appeal for lack of jurisdiction because the notice of appeal was not timely filed.

In civil cases, parties have 30 days after the entry of the district court's final judgment or order to note an appeal, Fed. R. App. P. 4(a)(1)(A), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5) or reopens the appeal period under Fed. R. App. P. 4(a)(6). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007).

The district court entered its order on May 31, 2022. Parker filed the notice of appeal on April 4, 2023. Because Parker failed to file a timely notice of appeal or to obtain an extension or reopening of the appeal period, we dismiss the appeal.[*]

---

[*] In his notice of appeal, Parker also designated for appeal the district court's March 6, 2023, order directing the clerk to send Parker a copy of the order denying reconsideration. Although Parker's notice of appeal was timely filed as to the March 6 order, that order is neither a final decision under 28 U.S.C. § 1291 nor an appealable interlocutory or collateral order. *See Amara v. Cigna Corp.*, 53 F.4th 241, 252 (2d Cir. 2022) (explaining that "[m]inisterial [postjudgment] orders do not qualify as decisions under [28 U.S.C.] § 1291"), *cert. denied*, 143 S. Ct. 2484 (2023). Accordingly, to the extent Parker seeks to appeal the March 6 order, we dismiss that portion of his appeal for lack of jurisdiction. *See United States v. Doe*, 962 F.3d 139, 143 (4th Cir. 2020) ("Under 28 U.S.C. §§ 1291 and 1292, we have jurisdiction only over final orders and certain interlocutory and collateral orders.").

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*